UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN I. RIVERA,<br><br>    Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CANYON COUNTY JAIL and DEPARTMENT OF CANYON COUNTY STAFF,<br><br>    Defendants. | Case No. 1:23-cv-00462-BLW<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Court must review complaints filed by paupers and prisoners seeking relief against state actors to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915 and 1915A. Having reviewed the Complaint of Plaintiff John Rivera ("Plaintiff"), the Court concludes that he must amend his Complaint if he desires to proceed.

### REVIEW OF COMPLAINT

**1. Background**

Plaintiff asserts that, when he was housed at the Canyon County Jail, he became suddenly and seriously ill, but, despite knocking on his cell door, pressing the emergency response button several times, and asking staff to summon medical help (because he also had an underlying serious heart problem—prior heart surgery and a pacemaker), nothing was done. Dkts. 1 & 1-1. Based on this incident, Plaintiff alleges that the failure to

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 1**

respond has "caused more heart failure." *Id*. at 2. Plaintiff was in jail at the time he filed his lawsuit, but he was released from jail in October 2024.

## 2. Standard of Law for Screening

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court liberally construes the pleadings to determine whether a case should be dismissed.

Under Rule 8 and 28 U.S.C. §§ 1915 and 1915A, the Court may dismiss some or all of the claims in a complaint for providing insufficient facts to support a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984). There must be enough for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim under 42 U.S.C. § 1983, the civil rights statute, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when a detainee's conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Pretrial detainees have a due process right to adequate health care while detained. *See Sanchez v. Young County, Texas*, 956 F.3d 785, 791-92 (5th Cir. 2020).

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 2**

Detainees' conditions-of-confinement claims are analyzed using an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to [the medical treatment of the plaintiff]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.) (quoting *Gordon*, 888 F.3d at 1125), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021).

To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id.* (citation omitted). The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id.* (internal quotation marks and alteration omitted).

Plaintiff has not provided any facts about whether he eventually received a diagnosis for the health issues that arose in the emergency incident. He must provide facts about the diagnosis and recovery period. Was he eventually treated at the jail or taken to the hospital? And what did health care providers conclude, if anything, about the delay in obtaining health care for that incident? Plaintiff states that the delay caused him

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 3**

to have additional heart problems, but he does not cite to any health care provider who gave this opinion.

Plaintiff will be given leave to obtain his health care records from the jail and/or the hospital so that he can determine whether he has sufficient facts to state a claim. He must file an amended complaint to provide additional facts showing that officers and providers acted in a manner that equates to objective deliberate indifference, and that their actions caused serious harm to Plaintiff. Here, in particular, Plaintiff must show that he had a serious medical need. That will be documented in his health care records. In addition, Plaintiff must name the personnel who were directly involved in denying or delaying medical care, information that will be contained in his medical records.

If Plaintiff desires to sue county entities, he must provide additional facts. A county may be considered a "person" that can be sued under § 1983 if the claim alleges that a government policy or custom inflicted the injury of which a plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). To proceed on such a claim, the plaintiff must state facts in the complaint alleging the following: (1) the plaintiff was deprived of a constitutional right; (2) the county had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (internal citations and punctuation omitted)).

A plaintiff may also establish liability by demonstrating that the alleged constitutional violation was caused by the county's failure to train its employees

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 4**

adequately. *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-91 (1989); *Bd. of County Comm's v. Brown*, 520 U.S. 397, 409-10 (1997) (discussing limited scope of such a claim). To proceed on such a claim, the plaintiff must state facts in the complaint alleging the following: (1) the training program must be inadequate "in relation to the tasks the particular officers must perform"; (2) the officials must have been deliberately indifferent "to the rights of persons with whom the [officials] come into contact"; and (3) the inadequacy of the training "must be shown to have 'actually caused' the constitutional deprivation at issue." *Merritt v. County of Los Angeles*, 875 F.2d 765, 770 (9th Cir. 1989) (internal citations and punctuation omitted).

    If Plaintiff does not have facts supporting a policy or custom, he should not include entities as defendants in any amended complaint, but should name the personnel involved in the alleged constitutional deprivations. If Plaintiff is permitted to proceed against the personnel, then he can file another amendment after the discovery period if he finds sufficient facts to show a county policy or custom caused the personnel to act as they did.

    If Plaintiff requests his records using a proper medical release form, and the jail or hospital refuses to provide them, then, within the 60-day amendment period, Plaintiff may file a notice with the Court describing his efforts to obtain additional information and the responses received.

    Plaintiff presently cannot proceed because his claims lack adequate factual support to show who is at fault, exactly what injuries Plaintiff suffered, and how each Defendant

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 5**

caused the injuries. In addition, if Plaintiff desires to sue county entities, he must state sufficient facts supporting the elements of such a claim, as set forth above.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must file an amended complaint within **60 days** after entry of this Order. Failure to do so will result in dismissal of this case under Federal Rule of Civil Procedure Rule 41(b) without further notice to Plaintiff.

2. Plaintiff's In Forma Pauperis Application (Dkt. 4) is GRANTED.

DATED: February 3, 2025

_____
B. Lynn Winmill
U.S. District Court Judge

**INITIAL REVIEW ORDER BY SCREENING JUDGE- 6**