UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN I. RIVERA,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>DEPARTMENT OF CANYON COUNTY JAIL and DEPARTMENT OF CANYON COUNTY STAFF,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-00462-BLW<br><br>**SUCCESSIVE REVIEW ORDER** |

　　　　The Court previously reviewed the Complaint of Plaintiff John Rivera (Plaintiff) and required him to file an amended complaint if he desired to proceed. Dkt. 6. The Amended Complaint (Dkt. 11) is a supplement rather than a stand-alone pleading. Therefore, the Court has construed the original Complaint (Dkt. 1) and the Amended Complaint together. The Amended Complaint is deficient, and Plaintiff must file a second amended complaint or a notice of voluntary dismissal.

REVIEW OF COMPLAINT

　　1. **Standard of Law**

　　　　The Fourteenth Amendment's Due Process Clause applies to pretrial detainees and is violated when a detainee's conditions of confinement amount to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Pretrial detainees have a due process right to adequate

**SUCCESSIVE REVIEW ORDER - 1**

health care while detained. *See Sanchez v. Young County, Texas*, 956 F.3d 785, 791-92 (5th Cir. 2020).

Detainees' conditions-of-confinement claims are analyzed using an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). Under that standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to [the medical treatment of the plaintiff]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.) (quoting *Gordon*, 888 F.3d at 1125), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021).

To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (citation omitted). The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id*. (internal quotation marks and alteration omitted).

A mere delay in treatment does not constitute a violation of the Constitution, unless the delay causes serious harm. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (Eighth Amendment context).

**SUCCESSIVE REVIEW ORDER - 2**

The Prison Litigation Reform Act (PLRA)[1] mandates that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e).

### 2. Factual Allegations and Discussion

In the original Complaint, Plaintiff asserted that, when he was housed at the Canyon County Jail, he became suddenly and seriously ill. Despite knocking on his cell door, pressing the emergency response button multiple times, and asking staff to summon medical help (because he also had underlying serious heart problems—prior heart surgery and a pacemaker), his pleas for help were ignored. Dkts. 1, 1-1. Based on this incident, Plaintiff alleges that the failure to respond has "caused more heart failure." *Id*. at 2.

In Plaintiff's supplement, he clarifies that medical staff waited until pill call was completed before attending to him. When he was finally given an EKG test, he was immediately taken to the hospital emergency room ("ER"). There is no indication how much time elapsed between the first time he pressed the emergency button and when he received the EKG.

As a result of the delay, Plaintiff asserts that he suffered a weakened heart, that the "percentage that [his] heart uses on the left side" has dropped, and that he suffered stress,

---

[1] Pub. L. No. 104-134, 110 Stat. 1321, *as amended*, 42 U.S.C. § 1997e, *et seq.*

**SUCCESSIVE REVIEW ORDER - 3**

high anxiety, and emotional damage as a result of the non-responsiveness to his medical care, as he felt he was in danger of losing his life. *See* Dkt. 11.

Plaintiff's mother submitted the emergency room medical records on behalf of Plaintiff. Dkts. 12, 12-1. He was admitted for evaluation of "12-hour history of cough, subjective fevers, chills, intermittent wheezing, chest pain that worsens with deep inspiration and cough as well as a complaint of shortness of breath." Dkt. 12-1 at 1. Dr. Jonathan Miller noted: "EMS was worried about a STEMI [symptoms of a heart attack] but I [have] done an EKG and he has a simple right bundle branch block. His history is not concerning for ACS." *Id*. at 1-2. Plaintiff asked Dr. Miller to "interrogate his pacemaker," but Dr. Miller determined "there is no clinical indication to." *Id*. at 2. Plaintiff was diagnosed with RSV and bronchospasm. *Id*. Dr. Miller wrote: "With over a day of symptoms this is highly reassuring that this is not ACS [acute coronary syndrome] or myocarditis." *Id*.

There is no indication in the ER records that Plaintiff suffered a heart incident or that his heart was damaged in any way by the timing of treatment for the respiratory illness. In fact, the ER records show the opposite is true. Nor is there any indication of any other permanent physical damage caused by the delay. If he later underwent heart tests that show his heart was damaged from the incident, he may provide those and amend his pleadings to state facts supporting these allegations. Otherwise, it appears that Plaintiff had a respiratory illness that was not an emergency, rather than a heart problem. Worry and stress alone are not compensable under the PLRA. 28 U.S.C. 1997(e)(A).

**SUCCESSIVE REVIEW ORDER - 4**

Presently, these allegations fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e).

In addition, Plaintiff may not proceed on a claim that the jail should remedy its emergency response system to avoid future similar problems, because he no longer resides there. An inmate's release from incarceration while his claims are pending generally moots any claims for injunctive relief relating to the facility's policies unless the suit has been certified as a class action. *Preiser v. Newkirk*, 422 U.S. 395, 402–03 (1975). In other words, his claim would be simply that the current jail emergency response system or protocol places Plaintiff at an unacceptable risk of serious harm if he suffers a heart attack or other emergency in the future, but, because he is unlikely to be incarcerated there in the future, he no longer has standing to raise it. *See Johnson v. Moore*, 948 F.2d 517 (9th Cir. 1991) (prisoner has no standing to seek injunctive relief regarding practices at a facility in which he no longer is held). "Standing" means "a party has a sufficient stake in an otherwise justiciable controversy to obtain judicial resolution of that controversy." *Sierra Club v. Morton*, 405 U.S. 727, 731–32 (1972).

### 3. Conclusion

It does not appear that Plaintiff suffered a physical injury from the delay in treatment. Therefore, Plaintiff may not proceed on only emotional or mental distress injuries arising from the delay. For these reasons, the PLRA prevents him from proceeding on monetary damage claims. *See* 42 U.S.C. § 1997e(e). Because Plaintiff does not reside in the jail, and there is no expectation that he will do so in the future he

may not proceed on claims that the jail should remedy the emergency response system. These claims are moot.

Accordingly, it appears that Plaintiff has failed to state a federal claim upon which relief can be granted. Plaintiff may file a second amended complaint if he has medical records or a medical opinion showing that he suffered a physical injury from the delay, but he may not proceed on his current pleadings. If he has no medical evidence to support his claims, he should file a notice of voluntary dismissal.

## ORDER

IT IS ORDERED:

1. Plaintiff must file a second amended complaint or a notice of voluntary dismissal within **45 days** after entry of this Order.

2. If Plaintiff desires to obtain his Canyon County Jail medical records, he may contact the Canyon County Prosecutor:

Canyon County Prosecutor
1115 Albany Street
Caldwell, ID  83605.

DATED: August 4, 2025

B. Lynn Winmill
U.S. District Court Judge