UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JOHN I. RIVERA,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CANYON COUNTY JAIL and DEPARTMENT OF CANYON COUNTY STAFF,<br><br>　　　　　　Defendants. | Case No. 1:23-cv-00462-BLW<br><br>**SECOND SUCCESSIVE REVIEW ORDER** |

　　　　The Court now reviews the Second Amended Complaint filed by Plaintiff John Rivera (Plaintiff). Detainees' conditions-of-confinement claims are analyzed using an objective deliberate indifference standard. *Gordon v. County of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018). The application of this standard "will necessarily turn on the facts and circumstances of each particular case." *Id*. (internal quotation marks and alteration omitted).

　　　　Under this standard, a detainee must establish the following elements: "(1) The defendant made an intentional decision with respect to [the medical treatment of the plaintiff]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high

**SECOND SUCCESSIVE REVIEW ORDER - 1**

degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.) (quoting *Gordon*, 888 F.3d at 1125), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021).

To satisfy the third element, the plaintiff must show that the defendant's actions were "objectively unreasonable," which requires a showing of "more than negligence but less than subjective intent—something akin to reckless disregard." *Id*. (citation omitted).

A mere delay in treatment does not constitute a violation of the Constitution, unless the delay causes serious harm. *See Wood v. Housewright*, 900 F.2d 1332, 1335 (9th Cir. 1990) (Eighth Amendment context).

In the original Complaint, Plaintiff asserted that, when he was housed at the Canyon County Jail, he became suddenly and seriously ill. Despite knocking on his cell door, pressing the emergency response button multiple times, and asking staff to summon medical help (because he also had underlying serious heart problems—prior heart surgery and a pacemaker), his pleas for help were ignored. Dkts. 1, 1-1. Based on this incident, Plaintiff alleged that the failure to respond has "caused more heart failure." *Id*. at 2.

The medical record Plaintiff previously submitted showed that an emergency room physician determined that Plaintiff did not suffer a heart problem or other physical injury from the delay in treatment. Dkts. 12, 12-1. He was admitted for evaluation of "12-hour history of cough, subjective fevers, chills, intermittent wheezing, chest pain that worsens with deep inspiration and cough as well as a complaint of shortness of breath." Dkt. 12-1

**SECOND SUCCESSIVE REVIEW ORDER - 2**

at 1. Dr. Jonathan Miller noted: "EMS was worried about a STEMI [symptoms of a heart attack] but I [have] done an EKG and he has a simple right bundle branch block. His history is not concerning for ACS." *Id*. at 1-2. Plaintiff asked Dr. Miller to "interrogate his pacemaker," but Dr. Miller determined "there is no clinical indication to." *Id*. at 2. Plaintiff was diagnosed with RSV and bronchospasm. *Id*. Dr. Miller wrote: "With over a day of symptoms this is highly reassuring that this is not ACS [acute coronary syndrome] or myocarditis." *Id*.

Therefore, the Court decided Plaintiff could *not* proceed on only emotional or mental distress injuries arising from the delay, because the PLRA prevents him from proceeding on monetary damage claims. *See* 42 U.S.C. § 1997e(e). In addition, because Plaintiff does not reside in the jail, he could not proceed on claims that the jail should remedy the emergency response system.

With his Second Amended Complaint, Plaintiff has submitted a discharge report from his hospital admission that may come to different conclusions. He presented with "acute exacerbation of chronic HFrEF" (Heart Failure with Reduced Ejection Fraction). The report shows the ER physicians noted he had not been on a loop diuretic for his "acute on chronic systolic heart failure" prior to his hospital admission, which Plaintiff interprets to suggest he should have been.

"HFrEF" is also known as systolic heart failure. For screening purposes only, the Court notes the following general information about HFrEF, provided online by Johns Hopkins Medicine:

**SECOND SUCCESSIVE REVIEW ORDER - 3**

>Ejection fraction is the percentage of blood the left ventricle pumps out with every beat. A normal, healthy ejection fraction is 55% to 65%. If it's higher or lower, that can indicate a heart problem.
>
>Systolic heart failure can be classified as acute or chronic: Acute: You have active symptoms of heart failure with a new diagnosis or a long-term condition.
>
>Chronic: You have a history of heart failure, but are relatively stable.
>
>Acute systolic heart failure is a medical emergency. Depending on the cause, some cases can be reversed with prompt treatment. Chronic systolic heart failure is a lifelong condition, and treatment aims to slow the disease and minimize symptoms.
>
>Many of the symptoms of systolic heart failure are uncomfortable, and may limit the amount and type of activities you can participate in. Your doctor may recommend medications that treat the symptoms of systolic heart failure to make you more comfortable. Some of these options include:
>
>Diuretics [that] reduce the amount of fluid in the body.[1]

Plaintiff now has amended his pleadings to focus not on any damage occurring from jail employees' delay in transporting him to the hospital, but to focus on jail employee's prior failure to treat his heart condition with diuretics. "Should have been" is terminology generally suggesting medical malpractice or negligence, which is not an actionable civil rights claim. Plaintiff must provide facts supporting the *Sandoval* elements set forth above.

---

[1] *See* https://www.hopkinsmedicine.org/health/conditions-and-diseases/systolic-heart-failure#:~:text=Systolic%20heart%20failure%20is%20also,can%20indicate%20a%20heart%20problem.

**SECOND SUCCESSIVE REVIEW ORDER - 4**

Plaintiff will be given leave to submit a comprehensive third amended complaint. He must assess his facts and plead only those causes of action for which he has sufficient factual allegations. He may desire to include claims that (1) the delay in transporting Plaintiff to the hospital caused him injury if he interprets the new medical records to support such a cause of action, and/or that (2) jail medical providers failed to meet Fourteenth Amendment standards in treating Plaintiff before he experienced the emergency. Providing medical opinions supporting his claims of injury suffered from a delay or necessity of a certain treatment is solely his own duty.

Plaintiff has not asserted the personal participation of any individual person responsible for any alleged constitutional violation. He will be given leave to file a supplement to his pleadings to identify these individuals. He should name (1) medical staff and/or prison staff individuals involved in the delay in transporting Plaintiff to the hospital, or, at the least, the jail supervisor who was on duty at the time of the delay in transportation; and (2) jail medical providers who allegedly failed to meet Fourteenth Amendment standards in treating Plaintiff (for example, those who knew of but did not provide a loop diuretic) before he experienced the emergency. He cannot proceed against "Department of Canyon County Staff," because that is too vague to carry out service of process on any person.

Plaintiff has stated insufficient allegations to proceed against the jail. To bring a § 1983 claim against a municipality (county or other local governmental entity), a plaintiff must allege that the execution of an official policy or unofficial custom inflicted the

injury of which the plaintiff complains. *Monell v. Dept. of Soc. Serv. of New York*, 436 U.S. 658, 694 (1978). That is, "a municipality [or entity] can be found liable under § 1983 only where the municipality [or entity] itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).

Under *Monell*, requisite elements of a § 1983 claim against a municipality or private entity performing a state function are the following: (1) the plaintiff was deprived of a constitutional right; (2) the municipality or entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to the plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *See Mabe v. San Bernardino County, Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001). If Plaintiff does not have facts showing a policy caused his alleged injuries, he must not include the jail as a defendant; if he is permitted to proceed against individuals and later discovers a policy caused the injuries, he may seek leave to amend his third amended complaint.

## ORDER

**IT IS ORDERED** that, within **30 days** after entry of this Order, Plaintiff must provide a comprehensive third amended complaint including only those claims **for which he has sufficient factual support under the *Sandoval* test,** which may be that (1) the delay in transporting Plaintiff to the hospital caused him injury, and/or that (2) jail medical providers failed to provide constitutionally-adequate medical treatment to Plaintiff before he experienced the emergency. Plaintiff must name individual defendants

who personally participated in the alleged violations. He must not name entities unless he has specific *Monell* allegations.

DATED: December 9, 2025

B. Lynn Winmill
U.S. District Court Judge

**SECOND SUCCESSIVE REVIEW ORDER - 7**