UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

JOHN I. RIVERA,

Plaintiff,

v.

DEPARTMENT OF CANYON COUNTY JAIL and DEPARTMENT OF CANYON COUNTY STAFF,

Defendants.

Case No. 1:23-cv-00462-BLW

**THIRD SUCCESSIVE REVIEW ORDER**

The Court reviewed the Second Amended Complaint filed by Plaintiff John Rivera (Plaintiff) and ordered him to file a third amended complaint containing facts establishing the following elements of a Fourteenth Amendment pretrial detainee deliberate indifference claim: "(1) The defendant made an intentional decision with respect to [the medical treatment of the plaintiff]; (2) Those conditions put the plaintiff at substantial risk of suffering serious harm; (3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) By not taking such measures, the defendant caused the plaintiff's injuries." *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 669 (9th Cir.)

(quoting *Gordon*, 888 F.3d at 1125), *cert. denied sub nom. San Diego Cnty. v. Sandoval*, 142 S. Ct. 711 (2021).

Plaintiff has not filed a third amended complaint, but has requested that the Court permit him to subpoena jail documents, jail video footage, and jail medical records regarding "the negligence and incompetence" of jail and medical staff. Dkt 23. "Negligence and incompetence" are not enough to meet the federal deliberate indifference standard, but are terms used to support state law medical negligence claims. *Broughton v. Cutter Lab*, 622 F.2d 458, 460 (9th Cir. 1980). A constitutional tort requires the plaintiff show that the defendant acted intentionally or so recklessly that the conduct can be equated with intent. *Farmer v. Brennan*, 511 U.S. 825, 835-38 (1994). Likewise, gross negligence and ordinary negligence are not actionable under § 1983, because such actions are not an abuse of governmental power, but rather a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

Without an anchoring federal claim, Plaintiff cannot proceed on state law claims here, but may attempt to proceed in state court.

Because Plaintiff has no allegations showing he meets the *Sandoval* standard, it would be a waste of public resources to subpoena records in this case. However, the Court will order the Canyon County Jail to cooperate with Plaintiff to provide him with copies of his medical records if Plaintiff provides the jail with a signed medical release form and pays for the records. Plaintiff now resides in a re-entry center where community employment is offered.

## ORDER

**IT IS ORDERED:**

1. Within 60 days after entry of this Order, Plaintiff must file either a proper third amended complaint or a motion to transfer his case to state court for pursuit of his state law negligence claims. If he files nothing within the deadline, this case will be dismissed without prejudice.

2. The Canyon County Jail is ordered to cooperate with Plaintiff to provide him with a copy of his medical records if Plaintiff provides the jail with a signed medical release and pays for the copies.

DATED: October 30, 2026

B. Lynn Winmill
U.S. District Court Judge